UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
SOUTH BEND DIVISION

KHUONG HUYNH,

Petitioner,

v.                                                          CAUSE NO. 3:26cv300 DRL-SJF

BRIAN ENGLISH *et al.*,

Respondents.

OPINION AND ORDER

Immigration detainee Khuong Huynh filed a *pro se* motion to alter or amend judgment. "A court may grant a Rule 59(e) motion to alter or amend the judgment if the movant presents newly discovered evidence that was not available at the time of trial or if the movant points to evidence in the record that clearly establishes a manifest error of law or fact." *Matter of Prince*, 85 F.3d 314 (7th Cir. 1996); *Deutsch v. Burlington N. R.R. Co.*, 983 F.2d 741 (7th Cir. 1993). "Reconsideration is not an appropriate forum for rehashing previously rejected arguments or arguing matters that could have been heard during the pendency of the previous motion." *Caisse Nationale de Credit Agricole v. CBI Industries, Inc.*, 90 F.3d 1264, 1270 (7th Cir. 1996).

On March 6, 2026, Mr. Huynh initiated this case by filing a habeas petition challenging his immigration detention, asserting that his removal to Vietnam would not occur within the reasonably foreseeable future. To support this claim, he asserted that the government was unable to remove him to Vietnam in 2002 and that his cumulative time in immigration detention spanned five months. He further asserted that Vietnam would

not accept individuals like him who entered the United States prior to 1995, citing the 2008 repatriation agreement between the United States and Vietnam, and a statistical report for the years 2021-2023. The respondents responded that the government was in the process on assembling a request for travel documents for Vietnam. The respondents further stated that Vietnam had granted all requests for travel documents from the government since February 2025 and that, in 2025, Vietnam had accepted for removal 327 individuals who had entered the United Stated prior to 1995.

On April 24, 2026, the court denied the habeas petition, finding that Mr. Huynh had not adequately demonstrated that his removal to Vietnam would not occur within the reasonably foreseeable future. The court reasoned that Mr. Huynh's detention remained within the presumptively reasonable period of six months and that, even if it had not, the government had adequately rebutted Mr. Huynh's showing with evidence indicating that Vietnam has been far receptive to accepting individuals for removal since 2025. The court further reasoned that the government had received Mr. Huynh's completed application for travel documents only a month prior.

In the motion to alter and amend, Mr. Huynh argues that the court should reconsider its denial of the habeas petition based on newly discovered evidence. He observes that the six-month period of presumptive reasonableness elapsed as of May 15, 2026, and that the Vietnamese embassy has informed him that Vietnam will not issue travel documents to him due to lack of documentation.

The court remains unpersuaded by Mr. Huynh for two reasons. First, in the order denying the habeas petition, the court adjudicated the legality of Mr. Huynh's detention

2

as of April 24, 2026. The newly discovered evidence offered by Mr. Huynh does not suggest that his detention was unlawful as of April 24, 2026; and, to the extent that Mr. Huynh argues that his detention has since become unlawful, he must present such arguments in another case. This isn't litigation by erosion. Second, Mr. Huynh's showing would be too vague to warrant reconsideration even if it pertained to the relevant period of time. He offers few details regarding his interactions with the Vietnamese embassy, including the specific timing of the interactions, whether the Vietnamese embassy had received the government's formal request for travel documents on his behalf, and whether the lack of documentation could be cured. Therefore, the court denies the motion to alter or amend.

For these reasons, the court DENIES the motion to alter or amend (ECF 17).

SO ORDERED.

June 4, 2026                          *s/ Damon R. Leichty*
                                      Judge, United States District Court